OPINION OF THE COURT
Michael A. Ciaffa, J.
*441 Plaintiff, Chase Bank, USA, N.A., requests judgment against defendant upon credit card debts in the amount of $9,988.87, with interest. Liability was established previously upon the defendant’s default in appearing for trial.
As permitted by section 212.32 (b) of the Uniform Rules for Trial Courts (22 NYCRR), plaintiff has submitted sworn written and documentary proof of the amounts claimed in the action. That proof establishes, inter alia, that plaintiff is a national bank with a principal place of business in the State of Delaware. The affidavit of plaintiffs vice-president and custodian of records avers that he possesses “all of the relevant documentation” relating to defendant’s credit card accounts. He attaches to his affidavit copies of plaintiff’s business records which include the cardmember agreements and change of terms notices provided to defendant, together with copies of the underlying monthly statements which document defendant’s use of three different credit cards, the various debits and credits applied to the accounts, and the periodic adjustment of interest charges imposed upon the accounts.
Unlike the circumstances presented in Citibank (SD) N.A. v Hansen (28 Misc 3d 195 [Nassau Dist Ct 2010]), where the bank’s proof upon inquest failed to demonstrate its entitlement to interest in excess of New York’s usury limits, the proof provided by plaintiff shows that it carefully tailored its business practices to legally avoid those limits. Notably, each of the agreements sent to defendant state, under the heading “GOVERNING LAW,” that
“THE TERMS AND ENFORCEMENT OF THIS AGREEMENT AND YOUR ACCOUNT SHALL BE GOVERNED AND INTERPRETED IN ACCORDANCE WITH FEDERAL LAW AND, TO THE EXTENT STATE LAW APPLIES, THE LAW OF DELAWARE, WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES. THE LAW OF DELAWARE, WHERE WE AND YOUR ACCOUNT ARE LOCATED, WILL APPLY NO MATTER WHERE YOU LIVE OR USE THE ACCOUNT.”
Furthermore, each of the monthly statements sent to defendant came from a “cardmember service” mailing address in Wilmington, Delaware. Defendant was clearly advised, on each statement, that “account inquiries” should be directed to another Wilmington, Delaware address. The “payment address” likewise was listed as being in Wilmington, Delaware.
*442 The vice-president’s affidavit was sworn to by him in the State of Delaware, County of New Castle. It was notarized by a Delaware notary and includes a certificate of conformity signed by an attorney at law for the State of Delaware. Although the affidavit does not explicitly state that the affiant’s workplace is at the bank’s corporate offices, the verified complaint alleges, in nonconclusory terms, that the plaintiff bank has “a principal place of business at 200 White Clay Center Drive, Newark, Delaware.”
The foregoing facts, taken together, satisfy the test set forth in the court’s decision in Citibank (SD) N.A. v Hansen (supra). Under the guidelines of Interpretive Letter Nos. 776 and 822, issued by the Comptroller of Currency, a national bank with a home office in one state may apply the law of that state where it “conducts virtually all of its credit card operations in and from its main office state.” (Comptroller of Currency Interpretive Letter No. 776, at 2 [Apr. 1997]; cf. Comptroller of Currency Interpretive Letter No. 822 [Mar. 1998].) The court has received adequate proof, in admissible form, that Chase Bank, USA, N.A., has “been literally following the letter of the law.” (See Citibank [SD] N.A. v Hansen, 28 Misc 3d at 201.) The court’s duty, therefore, is to uphold the bank’s right, under federal law (12 USC § 85), to apply its home state interest rates to the subject accounts.
On the issue of Delaware’s rates, plaintiffs papers include a detailed discussion of the provisions of Delaware law which apply to the subject accounts. (See Del Code Ann, tit 5, §§ 943, 944, 953.) Its proof includes a prima facie showing that the amounts claimed in the statements were correctly charged to defendant’s accounts, in accordance with the terms of the card-member agreements and applicable provisions of Delaware law.
In the absence of an appearance by defendant, or the submission of any opposition to plaintiffs claims, the court finds, upon the evidence submitted, that plaintiff is entitled to judgment against defendant in the full amount claimed in the complaint ($9,988.87), with statutory 9% interest from April 30, 2009 (the commencement date of the action).